E-filing

FILED
APR - 1 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

EDL

Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (888) 755-0945
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff,
MEARL ROSE

**UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA,
OAKLAND DIVISION**

| | |
|---|---|
| MEARL ROSE,<br><br>Plaintiff,<br><br>v.<br><br>STELLAR RECOVERY, INC.,<br><br>Defendant. | **Case No.:** C11-01595<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## VERIFIED COMPLAINT

MEARL ROSE (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against STELLAR RECOVERY, INC. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).
2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).
3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys.

///

///

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

7. Plaintiff is a natural person residing in Antioch, Contra Costa County, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Defendant was seeking to collect a consumer debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and communicated with Plaintiff regarding an alleged consumer debt.

10. Defendant is a national company with its headquarters in St. Cloud, Minnesota.

## FACTUAL ALLEGATIONS

11. Defendant places collection calls to Plaintiff seeking to speak with a "Don Holloway" regarding an alleged debt owed.

12. Defendant has been placing such collection calls to Plaintiff's home phone of (925) 757-6492.

13. Defendant has been placing such collection calls to Plaintiff's home phone for nearly one (1) calendar year and calls one (1) to two (2) times a week or as frequently as two (2) to three (3) times a day.

14. Plaintiff has attempted to answer the phone when Defendant calls to inform it that

Defendant has an incorrect number. However, Defendant's calls are pre-recorded messages and Plaintiff can never speak with a live employee.

15. On or about November 10, 2010, Plaintiff delivered a written correspondence via facsimile transmission informing Defendant to cease and desist all telephonic communications directed to Plaintiff regarding the alleged consumer debt owed by "Don Holloway." (See Exhibit A).

16. Despite having received Plaintiff's November 15, 2010 request, Defendant continued to contact Plaintiff regarding the alleged debt by telephone, including placing a telephone call as recently as March 15, 2011.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(c)* of the FDCPA by contacting Plaintiff via telephone and attempting to collect the alleged debt after having received Plaintiff's cease and desist letter.

    b. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiff;

WHEREFORE, Plaintiff, MEARL ROSE, respectfully requests judgment be entered against Defendant, STELLAR RECOVERY, INC., for the following:

18. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

22. Defendant violated the RFDCPA based on the following:

    a. Defendant violated *§1788.11(d)* of the RFDCPA when Defendant placed collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

    b. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

WHEREFORE, Plaintiff, MEARL ROSE, respectfully requests judgment be entered against Defendant, STELLAR RECOVERY, INC., for the following:

23. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

24. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

25. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MEARL ROSE, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: March 30, 2011

KROHN & MOSS, LTD.

By: ____________________

Nicholas J. Bontrager
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, MEARL ROSE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MEARL ROSE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: MAR 15 2011

MEARL ROSE

**EXHIBIT A**



November 10, 2010

Mr. Robert B. Peterson, CCO (or successor)
Stellar Recovery, Inc.
By Fax

# DEMAND TO CEASE AND DESIST

You are herewith put on notice that I have been receiving harassing telephone calls from numbers traced to your Hayward, California offices on my private unlisted phone number.

The calls are recorded, stating they are looking for a "Don Holloway" whom I do not know, have never known, and who has no connection with this telephone number (for at least the last 9 years that I have had it), nor does this person have any connection with this address.

These obnoxious recordings, containing personal and confidential information, and in violation of law, are unwanted and must cease.

You are herewith notified that legal action will be the only alternative if these calls are not discontinued immediately and permanently.

Mearl A. Rose

Copy: FCC (abeyance)

